18-1015. May it please the Court, Counsel, Tony Leppard appearing on behalf of Hawg Tools, with me today is Elizabeth Michaels and also with me is Hawg Gallagher, the owner of Hawg Patterson case. And that is after an appeal to the Colorado Court of Appeals and after a denial of writ of cert, we moved to reopen the case administratively and under the good cause standard, Local Rule 41.2, I believe that we adequately set forth grounds for the case to be reopened. Instead, Judge Blackburn applied a different standard. He applied the futility standard in a couple of different instances that's never been endorsed by the Tenth Circuit. And of course, Judge McHugh is obviously well aware of that, but I think that the words that she used were particularly important here, that what's required is for Hawg to seek a determination of the party's rights and claims. And specifically, by requiring proof of something more than a desire to litigate issues that were ripe for review, the district court abused its discretion by applying an additional standard. What Judge Blackburn essentially did was he short-circuited all the procedural and legal issues that should have been considered. I think you can tell from the briefing in this case that the history of this case and the conduct of the parties involved is extensive. Over a long period of time, it's not only complicated factually, but it involves a lot of different complicated fact issues. I don't believe that the court was aware of the historical history of the case, and I know that there were complex legal issues that the court did not consider or did not fully consider. Can I just ask you this question? Yes, sir. Assuming it would have been futile to reopen the case, and I know you disagree with that, but assuming it would be, then how could there be good cause to reopen the case? I think if you go beyond the standard that Judge McHugh espoused in Patterson, everything that follows from that requires some factual and legal determination, which is not appropriate on a motion to reopen a case, which is nothing more than an administrative rule. It may be, ultimately, Judge Blackburn may have determined after full briefing and even a hearing, which we did not get, he may have determined that he did not get a full hearing. You did get an opportunity to brief the futility issue, and you did brief it. We did, Your Honor. Also, at the same time this motion was filed, we also filed a motion to leave or leave to amend the complaint. And the purpose of that motion was to bring in the findings of the Colorado Court of Appeals, not challenge it, but also to add additional claims with respect to continuing tort theory. So by denying the motion to reopen and then finding moot the motion to amend the complaint, he cut off any ability to make these legal arguments. For example, if he had followed the Patterson case and reopened the case and then entertained a motion for leave to amend and had a hearing and considered issues like, well, how does the Court of Appeals affect this? Does the continuing tort, intentional tort doctrine, is that something that needs to be looked at? If he had done that, that would be different, because the law here on continuing tort has not been considered. He didn't consider parking equipment in the employer's fire case, farm credit case, crops, and sales commissions in Kelly. He didn't consider any intellectual property cases. And to my knowledge, I don't think that there's any mechanical design cases that are out there. Well, let me interrupt you. I mean, focusing on futility for a moment, if we have a decision that's entitled to full faith and credit that the MUD drill is in the public domain, it is not a trade secret, how can you have a claim for either conversion or unjust enrichment? Well, that was the issue that the Colorado Court of Appeals picked up on. And counsel did a good job of arguing that, but they cite patent cases. As this Court is aware, patent cases involve a completely different analysis of protection, and it's a much higher standard. Trade secret is a much lower standard. But this isn't a trade secret. You have a ruling that it's in the public domain. Correct. Anybody can use it. And when they use it, they're not converting because they have a right to use it. And when they use it and they profit from it, they're not unjustly enriched because they have a right to use it. Right. The fact that it's not a trade secret is irrelevant here, because the Court of Appeals affirmed the fact that this mechanical design was converted by the defendant. So conversion has already been established. Secondly, I think And you can't bring it again because it's not a continuing tort. Well, I believe that it is a continuing tort, and I believe if Judge Blackburn had entertained this in a proper manner and not an administrative motion, he would have found that. But let me, I think I missed the point that you originally raised. The fact that something might be in the public domain does not cut off a direct Well, I didn't talk about breach of contract. I talked about conversion and unjust enrichment. Those claims are gone. Okay. Well, let me, do you want me to address all three of those? First, breach of contract. Gallagher and Hogg Tools paid $350,000 for this design in a promise that they wouldn't be used in the oil fields in Casper or anywhere in Second, unjust enrichment was not decided in the first case, Judge. I'm not talking about claim preclusion. I'm talking about you now have a ruling that this is in the public domain, which makes it impossible for someone using it to be unjustly enriched by using it. Well, that was the conclusion of the Court of Appeals, and that decision was based on the judge that wrote the opinion, went outside of the record, and conducted his own Internet search. When you say that ruling, are you talking about the ruling that it was in the public domain? Yes, Your Honor. Okay, but aren't we bound by the Constitution and the full faith and credit clause to honor that decision? No, I don't think that you are because So we can, we, this panel can reverse the Colorado Supreme Court Not asking for that, Judge. What we're asking to do is to accept that finding and apply it to the claims that we brought in this case. Judge, this issue about in the public domain, for example, what the Colorado Court of Appeals did was add an additional element to the Colorado Trade Secrets Act, which is not there, which is to prove it's not in the public domain. That's not in the statute. They found that, and they found that based upon a patent analysis, which counsel is going to get up and argue again today. And I would only submit to you that under intellectual property law, a patent is considerably different and has a lot more protection than trade secrets, which is more of a contract right or a right given somewhere else. You asked about unjust enrichment. Counsel, before we get there, let me make sure I'm understanding what you're saying. So Judge McHugh said, are you asking us to second guess or somehow do something different or even overturn what the Colorado Court of Appeals did? And you said no. But then it sounded like you're saying, but they were still wrong. And my understanding of what you're trying to get us to do or what you maybe wanted the district court to do was to consider your arguments about why you think there's still a trade secret in order to make some kind of equitable determination as to whether your conversion and unjust enrichment claims? No, Your Honor. Well, then what are you asking us to do relative to the Colorado Court of Appeals? They've made their decision. You may disagree with it. We may or may not, but there's something called the full faith and credit clause. Yes, there is, Judge, and we're not asking you to review it or overturn it. What are you asking us to do? Well, the reason that I even raised that is because Judge McHugh is suggesting that the patent standard that they use might apply here. No, that's not what I'm suggesting at all. I'm suggesting that we have a ruling that you are bound by that this mud drill is in the public domain. Whether they're right or they're wrong, whether we would agree with them or disagree with them, that is the state of the land now. And if it's in, you have to, any claim you make, you have to make with the acceptance that this is in the public domain. And if accepting that it's in the public domain, your claim fails, it would have been futile to reopen as for that claim. Okay, and understanding that, Judge, there's two important points. Yes, the Court of Appeals found it was in the public domain, although the actual evidence at the trial court was, and it gets complicated. The trial court, the state trial court? No, the Court of Appeals, Judge. Okay, the evidence in the Colorado court. We don't review evidence in a Colorado court. We have no power to do anything about what happened in Colorado State Court. Okay. So, Judge, the second part of that answer is yes, they found it's in the public domain, and so they knocked out trade secrets. But critically, they upheld the conversion claim, finding that this design, even though it was in the public domain, had been converted and the damages were upheld. So if you're going to take one of their findings, you have to take both. Well, that leads us to the next point, which is you're seeking new damages for conversion. And the district court, of course, went to the restatement, section 25 in comment C, which seems directly against you as far as asking for more damages on a previous claim. Can you speak to that? Yes, because you're talking about the restatement of judgments, 25C. Yes. Yes, because restatement of judgments 261B, which is an analogous claim-splitting rule, does not apply when the first court expressly reserved the plaintiff's rights to bring a second action, which is exactly what Judge Hagelin did following the jury trial. He denied my motion for an injunction, but said, you're free to bring a claim for future damages. We also had the issue of – It was. It was. But it doesn't mean that it wouldn't apply to other damages as well. Wait, wait, wait. Wait a minute. The court said that you could do that with the trade secret claim. It didn't say anything about the other claims. Well, that's because the injunction that we asked for was under the trade secret statute. That's why. Where did the court say that it would reserve for you the opportunity to bring a conversion claim, an unjust enrichment claim, and a breach of contract claim in a second proceeding? Where did it say that? It didn't say that, Judge, because it was in the context of a motion for injunction under the Trade Secrets Act. That's where that was. And we also have the issue of them failing to provide damages, which I don't think is relevant here. What is really important is that if you don't overturn this, you'll be overturning Judge McHugh's opinion, clearly in Patterson. No, that's not what Patterson says. Patterson talks about good cause, but it also says that courts can make their rules. It's an administrative rule about reopening cases, and we have a rule for the District Court of Colorado that allows for consideration of futility. I mean, if, as Judge Matheson said, if it will be futile, how can there be good cause to overturn it? And I'm sorry. What I'm suggesting to you is if you go down that road in a district court, which, let's just be candid about it, is not very receptive for diversity cases. I myself have had numerous cases where diversity is raised as an issue. If you go down that road, you're going to allow district courts to refuse administratively to reopen a State case. The whole point is, all of these issues we're talking about, the court of appeals, what they found, the conversion, is it an ongoing tort or not, because it's a design. These designs have no intrinsic value. Judge Blackburn focused on the possession of the design. That's not the harm. Again, we're talking about what the Colorado court of appeals did? No. No, we're not. We're talking about Judge Blackburn interpreting law on a motion simply to reopen a case. My point is that the damage is the continued use of the design where they're making money today. All of those issues should have been considered by Judge Blackburn in a proper setting, properly briefed, hopefully a hearing. If not a hearing, there would have been discovery on some of these points. But your contract, on your contract claim, why shouldn't you? I mean, the law of claim preclusion provides that you litigate all the issues relating to that claim in the proceeding in which you brought it. You don't get to do it over again. And to the extent that you're concerned about future damages, why aren't you claim precluded? Why couldn't you have brought these arguments up in your first state proceeding? Because the claim preclusion talks about claims that could have been brought in the first case. We didn't know what damages we didn't know if they were going to continue to use the design. And if they did, the volume of the use to know what damages even would be. Any argument about those would be speculative. Well, if we were to accept that argument, there would be no end to these breach of contract claims. You're supposed to anticipate that in the first proceeding, aren't you? It's a continuing breach, Judge. The promise not to use the design is like a covenant not to compete. It was breached the day after the trial ended when they continued to use the design. We couldn't have known that in the first trial. We couldn't argue for damages there because we don't know that. And we don't know what volume of use might be, what their profits may be. The law that we've cited to you, the Loveland case. Don't you have a remedy in the first trial, though, first proceeding? If you're worried about future breach, can't you ask for an anticipatory remedy or have the court enjoin any future use? That's why I asked for it, Judge, under the Trade Secrets Act. And at that time, that claim, not over 20 years. Yeah, but you could ask for it on the – well, so you asked for it. And you didn't get it, but that's the first proceeding. The judge says you can bring another case for ongoing damages. But not on the contract. Well, the contract was not breached until after the trial ended. The Loveland case and the other cases we've cited stand for the proposition that if there's a second breach after the first case is filed, that's a new claim for breach of contract. Here, the continuing use is a violation of the covenant that it wouldn't be used. It's just like a covenant not to compete if somebody goes out and competes. It was a second claim after that case. I see that I'm out of time. I'd be happy to answer any questions. Thank you. Well, you've answered a lot of them, so thank you. Thank you. May it please the Court. I'm John Armand of Gordon-Rees here on behalf of the defendants who I will correctively refer to as NUSCO, except when I'm talking about Joe Fickin. Let me just first talk about the standard of review in this futility issue, because I think Mr. Lefferts is confused. In reviewing the district court's order denying the plaintiff's motion to reopen the case, this court must proceed under the applicable standard of review, which is abuse of discretion. This standard, in turn, requires consideration of the good cause standard for reopening an administratively closed case, which is also a matter committed to the district court's discretion. The district court here determined that the plaintiff did not show good cause to reopen the case because the claims in its proposed second amended complaint were all futile as a matter of law. And while the defendants acknowledge that the determination of futility is reviewed de novo, we disagree with the plaintiff's contention that the district court improperly engaged in a futility analysis of the proposed second amended complaint. By moving to amend its complaint to show what claims it intended to pursue if the case were reopened, and I point out that this was the second amended complaint, the plaintiff had already gotten their free amendment of the complaint after we filed the first  They tried to amend around the motion. And so when you make a motion to file a, to amend your complaint a second time, you're under the Rule 15 standard, which requires you to show that there's good cause for amending the complaint. And the good cause for amending the complaint is that the claims are not futile. And so the district court, in determining whether there's good cause for amending the complaint, has to engage in the futility analysis under Rule 12b-6 to determine if there is good cause, because if the claims are futile or if they fail to state a claim for relief, there's not good cause to amend the complaint. And that's how the futility analysis came up in this case, is that the plaintiff invoked it by moving to amend their complaint a second time. And that necessarily required the district judge to consider whether, if the case were reopened, the plaintiff could proceed on the claims in the second amended complaint. Well, there's a sense in the appellant's argument that the way in which the district court handled the motion to reopen, in a way, almost sort of skipped a step. That is, the proceedings in the Colorado courts had ended. That was the reason to administratively close the case in the first place. That reason went away. So there's no reason to keep it closed. And then it seems as if what happened is it was almost treated as a motion to dismiss within, it was nested within this motion to reopen. But don't the Federal Rules of Civil Procedure contemplate a real motion to dismiss with robust briefing and argument on both sides? And I'm understanding the appellants to argue that they really didn't get that chance. So how would you – well, I'm asking you to respond. Well, the case wasn't dismissed. If it had been dismissed, we would have been able to get our attorney fees under the Colorado statute for dismissal under Rule 12b. So we were deprived of our attorney fees because, hey, I wish the trial court, the district court, would have just dismissed the case with prejudice. All right. The court didn't. And if you're going to reopen the case, that would be the only possible reason, conceivable reason to reopen it, is to order this case dismissed with prejudice and award defendants their attorney fees. I understand your point. But I think you're not responding to what I think the appellant is arguing here, which is that there wasn't a full-blown opportunity to deal with all of these questions, apart from whether they're at the end of the – Well, I mean – Excuse me. I'm going to finish the question, and then you can answer it. Apart from not entering dismissal right at the end, it still went through claim preclusion, claim preclusion, and all the rest. It was – it took the form of that. And I think what counsel is saying is that somehow this got short-circuited. And I'd just like to hear what you have to say about that. Okay. One of the grounds for showing good cause to reopen a case is that the claims are ripe. Ripe, or – Ripe, R-I-P-E. But in an Article III sense? In the sense that whatever impediment there was to proceeding with the claims has been removed. Okay? And that in itself leads us to the futility analysis. I mean, I understand what you're saying. It says it looks like the district judge skipped a step. No. But does it make any difference? No. I'm trying to ask you to respond to counsel's argument. Well, again, the futility analysis was properly applied by the district court in considering whether there was good cause to reopen first in determining whether the claims are ripe. And if the claims are – I don't want to say stale, but non-viable, if the claims are dead on arrival, they're not ripe. The second was because the plaintiff expressly invoked the futility analysis by saying we're moving to amend their complaint because, as you recall, the prior complaint was no longer viable, not only because the misappropriated trade secrets claim is gone, but also because as the magistrate held, and as the district court likely would have held, the other claims are displaced by the Uniform Trade Secret Act or barred by claim preclusion. And so we'd already had that ruling from the magistrate that the district court determined was moot when it ordered the case stayed, but that's where the case was going to go anyhow. They're not ever going to show that these claims are going anywhere. And so to say, well, maybe the district court short-circuited the process, they can't show any harm from that. So that's your argument, harmless error. That's exactly right. Well, do you admit that they didn't get the process they would have been entitled to if it had been reopened and then a motion to dismiss? You know, if you want to jump through unnecessary hoops, I think that might be the case. But like I said, we would have loved to move to dismiss the case so we can get our attorney fees, because it's clear that this case was going to be dismissed under Rule 12b-6, because based on the complaint and all the materials you can read into the complaint, they don't state a claim for relief, because their claims are all barred by claim preclusion, by they are displaced by UTSA, or, and I want to get to this as the next point, as Judge McHugh correctly perceived, the fact that the design of the mud motor is in the public domain and it's been judicially determined conclusively to be in the public domain moots every claim for relief in the case. Well, not breach of contract it doesn't. I mean, I can contractually agree not to use something, even if it's not a trade secret or patented or anything else. And I can breach that covenant irrespective of what's ruled about whether it is or isn't a trade secret. Well, what they're trying to recover on the contract claim is NUSCO's use of the mud motor. Well. Not Mr. Fickin's use of the mud motor. And NUSCO had the right to use that design. So you admit that they could bring an action for a new breach, a breach that occurred after the first action.  Why not? Because it's barred by claim preclusion. They couldn't bring that. This is exactly the situation in Section 25 of the Restatement of the Second of Judgments. This is an attempt by the plaintiff, who succeeded on their breach of contract claim at the trial court, which was also based on the use of the motor. That was in the jury instructions in the prior course. That was in the complaint in the prior state case. That was their theory, not just the breach of the confidentiality provision, but the use. That was what was litigated. They got their recovery. Because they didn't get all their damages they wanted, they can't come back and bring a second case. No, they can't come back and seek damages for breaches that occurred before. But if I'm still bound by the contract, and three years after the end of that action, I start breaching that covenant, you can sue me. But you see, what they're talking about, they're talking about a continuing breach. That's the phrase that's used in the plea, is a continuing breach. Not a second breach, but a continuation of the same action. And at the first trial, they had the opportunity to recover full contract damages for that unauthorized use by Mr. Fickin, and to the extent they alleged the use by NUSCO of that design. Okay, so you're saying the allegations of the complaint refer to a continuing damages from a prior breach. That's exactly right. Okay. The fact that they're using this, it's not like every day is a new cause of action for breach of contract. It's a continuing thing. And when they sued in the first action, they were presumed to have recovered all their damages for that breach of contract, including prospective and future damages. And that's why that claim, even if it survives the public domain finding, is precluded by the doctrine of claim preclusion. It's just an attempt to recover damages they didn't recover in the first action. Well, I noticed, I've been looking at the proposed amended complaint, and the breach of contract claim is, it says breach of contract as to defendant Fickin. So it only applies to Mr. Fickin individually. As in the first case, yes. So that was true in both cases. Yes. All right. And there was a confidentiality provision in the contract, and there was a non-use provision in the contract. And my understanding is that they're relying on the non-use provision at this point, because the confidentiality breach was recognized in the first case, and once you've breached confidentiality, you've breached it. But I take it what you're saying, then, is that if Mr. Fickin uses the design after the first case is over, that they can't bring another case against him because the first case should have anticipated that and incorporated that possibility into the damages award? I'm just not sure why. Exactly. Is that the argument? That's incorrect. And that's the position of Section 25. That's not what you said a minute ago. A minute ago, you said it's a prior breach, but they're claiming continuing damages. They're, well, they're claiming. To me, this matters. It's hard to make sense of the claim. Because I can't sue for a breach that didn't happen yet. But what they're saying is that they are, there's a continuing breach, and that the, from this continuing breach, they have continuing damages. The response is they should have recovered all those damages from any foreseeable future breach of contract in the first action. This is not a claim of a second breach of contract. In other words, a breach of a second provision or a separate provision of the contract that was not litigated in the first case. All the claims that are asserted here were actually litigated in the first case to a conclusion. So in the first case, what they could have done, if I'm understanding your argument correctly, is say, Judge, you've now found a breach, and now we're going to talk about damages. We want you to give us damages for the breach that occurred. And because we think it's possible that Mr. Ficken will use this design in the future, we want you to give us damages for that, too. That was incumbent on them to seek those damages in the first action. And it is presumed that the damages that were awarded in the first action are for all breaches of the contract, past, present, future. Anything that might happen down the road, they need to take care of it in the first case. Let me give you an example. Let's say you have a personal injury case in an auto accident. You sue to recover your injuries. Three years later, you discover an injury that wasn't litigated in the first case. Too bad. But that's totally different. Well, right, because it's something different. The injury, the torque, happened before you filed the first case. Here, you have some breaches that occurred, and you can calculate damages based on those breaches. You could even ask for an injunction to prevent further breaches. But if after the end of that case, despite the injunction, they go out and breach again, why can't you bring another case and sue them for that breach? Because it's not different breaches. It's the same continuing course of conduct. Okay, but my hypothetical is a new breach. Well, then it would have to be of a different position, of a different part of the contract. They sued for a breach to contract not to use the design, okay? Right. So I used the design before the first complaint, and then after you sued me, I stopped using the design, and I followed even maybe an injunction. And then later, while I'm still subject to the contractual obligation, I used the design again. You can't touch me? I can now use the design as much as I want with impunity? Those aren't the facts here. There is no cessation of use. I'm asking you my facts because I'm trying to deal with the legal issue. Your facts are different. In fact, NUSCO stopped using this design after the first trial in March 2014, so there has been no subsequent use. We just never got to that point in this case. But under your hypothetical, yes, if you stop using it and then resume again, that might be a second breach. But if the use is continuous and no secession, that's only one breach. Thank you for the court for your attention, and we request that the e-trial, just your court's order, be affirmed. Thank you. Thank you, counsel. I think we're out of time. I want to thank counsel for your arguments. The case will be submitted, and counsel are excused.